UNITED STATES of America

v.

Anthony T. MULHERIN, Jr., et al.

Crim. A. No. CR181–26.

United States District Court,
S. D. Georgia,
Augusta Division.

Aug. 28, 1981.

R. Jackson B. Smith, Jr., Augusta, Ga., for Anthony T. Mulherin, Jr.

Thomas W. Tucker, Augusta, Ga., for Harvey E. Hornsby.

John B. Long, Augusta, Ga., for Robert A. Holliday.

Barnee C. Baxter, Jr., Augusta, Ga., for H. F. Clayton.

Paul K. Plunkett, Augusta, Ga., for William E. Edenfield.

Herbert E. Kernaghan, Jr., Augusta, Ga., for Derrick Franklin.

Jeffry Mulrain, Jacksonville, Fla., James W. Purcell, Augusta, Ga., for Bruce General.

James Findlay, Augusta, Ga., for Edward H. Holliday.

Percy J. Blount, Augusta, Ga., for Elizabeth M. Moore.

R. Jackson B. Smith, Jr., Augusta, Ga., for Henry Mulherin.

Chris G. Nicholson, Augusta, Ga., for James A. Rodgers.

Paul K. Plunkett, Augusta, Ga., for Nathan Lee Widener.

James W. Purcell, Augusta, Ga., for Ernest Karl Wrenn.

## ORDER

BOWEN, District Judge.

Rule 801(d)(2)(E), of the Federal Rules of Evidence, provides that a statement made by a coconspirator is not hearsay if it is made "during the course and in furtherance of the conspiracy." Under the Rule, therefore, before the extrajudicial statement of a coconspirator may be admitted, the following facts must be established: "that a conspiracy existed; that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy and that the statement was made in furtherance of the conspiracy." *United States v. Ricks*, 639 F.2d 1305, 1308 (5th Cir. 1981); *see*

*United States v. Holder*, 652 F.2d 449, at 450 (5th Cir. 1981); *United States v. Grassi*, 616 F.2d 1295, 1300 (5th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980). The burden to show the requisite predicate facts rests with the party offering the statement in evidence. *United States v. Ricks*, 639 F.2d at 1308. Whether the predicate facts have been proved is the decision of the trial judge. *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979).

The standard of proof and the preferred order of proof, as prescribed by the en banc court in *James, supra,* was recently rearticulated by Judge Hill in *United States v. Ricks*, 639 F.2d 1305 (5th Cir. 1981). The en banc court decided initially that the trial court should not admit the extrajudicial statement of a coconspirator "unless he finds substantial, independent evidence of the predicate facts, at least enough to take the question to the fact finder." *Id.* at 1308; *see United States v. James*, 590 F.2d at 581. Having established "substantial independent evidence" as the standard of proof for admissibility, the *James* court next set forth the preferred order of proof as follows:

> The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up.

*United States v. James*, 590 F.2d at 582. Thus, the threshold determination of admissibility—whether the government has proved the requisite predicate facts by substantial independent evidence—should be made by the trial judge, if reasonably practicable, prior to admission of the statement.

█ Once the statement has been admitted, the judge is required to make a "preponderance of the evidence determination" *at the end of trial.*

Regardless of whether the proof has been made in the preferred order, or the coconspirator's statement has been admitted subject to later connection, on appropriate motion at the conclusion of all the evidence the court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy.

*United States v. James*, 590 F.2d at 582. In sum, under *James*, the trial judge, prior to admission of a proffered coconspirator's extrajudicial statement, should determine whether the government has proved the requisite predicate facts by substantial independent evidence. Having made this determination in favor of the government, the Court must then decide, at the close of all the evidence, whether the predicate facts were proved by a preponderance of the evidence independent of the statement itself. If the trial court finds that the predicate facts were not proved by a preponderance of the evidence, then the court must determine whether the erroneous admission may be cured by a cautionary jury charge or whether a mistrial is required. *Id.* at 583.

█ In construing *James*, trial courts have often been more cautious than necessary. *See United States v. Ricks*, 639 F.2d at 1309. Judge Hill postulated that this extra caution resulted from the panel decision's requirement that "the determination of the admissibility of coconspirators' declarations and any hearings necessary for the judge to make that determination by a *preponderance of the evidence* be conducted outside the presence of the jury." *United States v. Ricks*, 639 F.2d at 1309 (quoting *United States v. James*, 576 F.2d 1121 (5th Cir. 1978)). Of course, a "preponderance of the evidence" standard requires a weighing of *all* the evidence, pro and con, including

defendant's evidence, to determine on which side the greater weight of evidence rests. *See id.* In applying this standard, as pronounced by the panel decision, therefore, "district judges felt compelled to hear all evidence on the existence, *vel non*, of the predicate facts in a pre-trial hearing at the conclusion of which the judge could rule upon the admissibility of the tendered coconspirators' declarations according to his determination of preponderance." *Id.*

Although not expressly mandated by the en banc court, district courts continue the practice of having pretrial extra-jury hearings to determine Rule 801(d)(2)(E) admissibility. Such "James hearings" generally take two forms: (1) the hearing, as just described, develops all proper evidence, pro and con, on the question whether the predicate facts exist such that the trial judge may decide the issue based upon a preponderance of the evidence, *see United States v. Ricks*, 639 F.2d at 1309 (citing *United States v. L'Hoste*, 609 F.2d 796, 799 (5th Cir. 1980)); or (2) the hearing is limited to the government's proof of predicate facts and the admissibility determination is based upon substantial independent evidence. *See id.* (citing *United States v. Sarmiento-Perez*, 633 F.2d 1092, 1097 n.3 (5th Cir. 1980)). With respect to the second type of hearing, it is apparent that, in accordance with *James*, the trial judge, upon proper motion, must reconsider the admissibility issue at the end of the trial and determine, upon weighing all the proper evidence, pro and con, whether the government has proved the requisite predicate facts by a preponderance of the evidence. As stated by the Fifth Circuit in *United States v. Grassi*, 616 F.2d 1295 (5th Cir. 1980):

> [T]he judge must decide at the conclusion of the *James* hearing whether the independent evidence linking the defendant to the conspiracy is substantial. If a coconspirator's extrajudicial declaration is admitted into evidence, *the judge must reconsider its admissibility at the conclusion of the trial. His second decision, however, is to be made by a higher standard: whether the prosecution, through independent evidence, has demonstrated the defendant's participation in a conspiracy by a preponderance of the evidence.*

*Id.* at 1300 (citation omitted) (emphasis added).

By motion filed June 10, 1981, defendants requested a pretrial hearing to determine the admissibility of certain extrajudicial statements allegedly made by coconspirators. A *James* hearing was held on August 12, 1981, at which the Government presented the testimony of three witnesses and offered in evidence two exhibits. The defendants cross-examined the Government witnesses, but presented no evidence of their own. At the conclusion of the hearing, the Court, upon review of the testimony and exhibits, found that the requisite predicate facts for the admission of extrajudicial coconspirators' statements existed with respect to each of the defendants named in the two conspiracy counts.

In making this determination, the Court discerned some confusion in *James* and its progeny on the appropriate standard of proof. While *James* provided that the initial admissibility decision be made utilizing a standard of "substantial independent evidence," the Court concluded that a "preponderance of the evidence" standard should be applied in the instant case. This application resulted in no prejudice to defendants since the higher preponderance standard subsumes the substantial independent evidence standard and, in effect, places a greater burden on the prosecution than otherwise may be required under *James*. Of course, the only evidence considered in deriving this preponderance determination was that elicited at the pretrial hearing. A weighing, pro and con, of *all* independent evidence, including the defendants', which may properly pertain to the issue is not possible until the conclusion of trial. Thus, upon proper motion, the Court will again make a preponderance determination based upon all the proper evidence at the end of trial.

■ The purpose of this order is to supplement the Court's oral findings at the conclusion of the James hearing. With re-

spect to each defendant, and the related conspiracy counts, the Court states its conclusions on whether the prosecution established the necessary predicate facts for the admission of extrajudicial coconspirators' statements against that defendant as follows:

(1) Anthony T. Mulherin, Jr., named in counts one and two. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe and Special Employee Peacock, the prosecution established the existence of the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(2) Harvey E. Hornsby, named in counts one and two. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, Special Employee Peacock and Government exhibit # 2, the prosecution established the existence of the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(3) Robert A. Holliday, named in counts one and two. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, and Special Employee Peacock and Government exhibit # 2, the prosecution established the existence of the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(4) H. F. Clayton, named in count one, overt acts numbers 11 and 16. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 17–19, 23, the prosecution established the existence of the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(5) William E. Edenfield, named in count two, overt acts numbers 10 and 11. The Court finds that, upon review of the transcribed testimony of Special Employee Peacock, Transcript at 56, the prosecution established the existence of the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(6) Derrick Franklin, named in count two, overt acts numbers 19 and 21. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 25, 27–28, 30–31, and Special Employee Peacock, Transcript at 58–61, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(7) Bruce General, named in count one, overt acts numbers 7 and 14 and count two, overt act number 18. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 12–14, 21 and Government exhibit # 1, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(8) Edward H. Holliday, named in count two, overt acts numbers 9 and 24. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 25–27, 48–49, and Special Employee Peacock, Transcript at 54–55, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(9) Elizabeth M. Moore, named in count one, overt acts numbers 8 and 9, and count two, overt act number 7. The Court finds that upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 14–15, 24–25, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(10) Henry Mulherin, named in count two, overt acts numbers 19, 20, 21 and 23. The Court finds that, upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 25, and Special Employee Peacock, Transcript at 58–61, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(11) James A. Rogers, named in count two, overt acts numbers 14 and 15. The Court finds that, upon review of the transcribed testimony of Special Employee Peacock, Transcript at 57–58, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(12) Nathan Lee Widener, named in count one, overt act number 10, and count two, overt act number 8. The Court finds

that, upon review of the transcribed testimony of Special Agent Gleffe, Transcript at 16–17, and Special Employee Peacock, Transcript at 53–54, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.

(13) Ernest Karl Wrenn, named in count two, overt acts numbers 11, 12 and 13. The Court finds that, upon review of the transcribed testimony of Special Employee Peacock, Transcript at 55–57, the prosecution proved the Rule 801(d)(2)(E) predicate facts by a preponderance of the evidence.